OPINION
{¶ 1} Jeffrey Smith appeals from his conviction in the Kettering Municipal Court of sexual imposition after a jury trial. Smith was charged with engaging in improper sexual activity with his twelve year old step-daughter, A.H.
 {¶ 2} On January 30, 2004, A.H. told two of her classmates that Smith had inappropriately touched her while she was sleeping in her parents' bed some two months earlier. After A.H.'s classmates told their parents about their conversation with A.H., the child's mother was notified. Kettering Police Officer Jeff Caldwell interviewed A.H. at the police department and A.H. told him that two months earlier she had gotten into bed with her parents because she was experiencing a severe headache. She told Caldwell that shortly thereafter Smith reached over and began to rub her vaginal area. She also said Smith placed her hand on his penis through the top of his boxer shorts. She provided a written statement to Caldwell which was admitted at trial. (State's Ex. B). A.H. gave a similar statement to Detective Douglas Stewart. Stewart then interviewed Smith who admitted that he might have touched his step-daughter in his sleep thinking it was his wife, but he didn't think so.
 {¶ 3} Both Caldwell and Stewart testified at the trial concerning A.H.'s accusations concerning her step-father. In addition, the State presented the testimony of Dr. Brenda Miceli, a clinical psychologist, who saw A.H. for therapy in May 2004, at Children's Hospital. She also testified concerning the accusations made by A.H. against the defendant. The following exchange occurred during Dr. Miceli's examination:
 {¶ 4} "Q. As you talk with her, and you heard her give the account of the Defendant touching her genitals, and you watched her demeanor, her manner of speaking with you, her forthrightness or lack of it, all the things that you've been taught to do. Were you able to form a, a professional opinion with a reasonable degree of psychological certainty about whether or not what she was telling you was truthful?
 {¶ 5} "A. Yes.
 {¶ 6} "Q. And what was your opinion?
 {¶ 7} "HUELSMAN: Objection.
 {¶ 8} "COURT: Sustained. It's, I think that's the ultimate issue to determine as to truthfulness.
 {¶ 9} "Q. Well let's try it this way. Did you find her credible?
 {¶ 10} "A. Yes."
 {¶ 11} Dr. Miceli again on re-direct examination was asked the following:
 {¶ 12} "Q. You've testified that A. told you that he touched her genitals, and you found her to be credible and treated her as someone who had been sexually molested, isn't that true.
 {¶ 13} "A. Yes."
 {¶ 14} Dr. Miceli also stated she did not find it unusual that A.H. recanted her accusation against the defendant since her mother was upset and A.H. felt she was in the "middle" in the relationship between her mother and her stepfather. (T. 50-51.)
 {¶ 15} A.H. testified for the State and admitted that she told her friends, her mother, the police, and Dr. Miceli that the defendant inappropriately touched her vagina and made her touch his penis. On cross-examination, A.H. denied the defendant did what she accused him of doing. She said, "It did not happen." (T. 109.) She said she made the accusation so that she could get the attention of her mother and her real father. (T. 109.) The defense rested without presenting evidence.
 {¶ 16} In his first assignment, Smith contends the trial court committed plain error when it allowed Dr. Miceli to opine that she thought that A.H. was "credible." Smith contends that the admission of this testimony was reversible error citingState v. Boston (1989), 46 Ohio St.3d 108. In that case, the Ohio Supreme Court held that an expert may not testify as to the expert's opinion of the veracity of the statements of a child declarant. Justice Douglas wrote on behalf of the court:
 {¶ 17} "Dr. Asch was also allowed to express her opinion that Cynthia had not fantasized her abuse and that Cynthia had not been programmed to make accusations against her father. With this testimony, Dr. Asch, in effect, declared that Cynthia was truthful in her statements.
 {¶ 18} "We have little difficulty in finding that the admission of this testimony was not only improper — it was egregious, prejudicial and constitutes reversible error. InEastham, supra, at 312, 530 N.E. 2d at 414, Justice Brown, concurring, stated that such an opinion `* * * acted as a litmus test of the key issue in the case and infringed upon the role of the fact finder, who is charged with making determinations of veracity and credibility. * * * In our system of justice, it is the fact finder, not the so-called expert or lay witnesses, who bears the burden of assessing the credibility and veracity of witnesses.'
 {¶ 19} "We agree with this statement and hold that an expert may not testify as to the expert's opinion of the veracity of the statements of a child declarant. We further find that it was error, and more than harmless, for the trial court to have permitted Dr. Asch to render an opinion on the veracity of Cynthia."
 {¶ 20} The appellant argues the admission of Dr. Miceli's opinion of the credibility of A.H. was "plain error." He argues plain error because his trial counsel neglected to object to the prosecution's follow-up question which was just as objectionable as the previous question for which the trial court sustained defense counsel's objection. We therefore believe it would be unfair to review the admission of Dr. Miceli's objectionable testimony on a plain error analysis. We find that the defendant preserved his objection to this prejudicial evidence and when he lodged his first objection, find that it was not harmless, but prejudicial error. The first assignment of error is Sustained.
 {¶ 21} In his second assignment, Smith argues that he was denied the effective assistance of counsel when his counsel failed to object to the hearsay statements of A.H. to Officer Caldwell and Detective Stewart. We agree that these statements were inadmissible hearsay, but A.H. did testify and she denied the truth of these statements to the police so the prejudicial impact of these statements were somewhat minimized.
 {¶ 22} Smith argues that counsel was ineffective for failing to object to the leading questions propounded to A.H. during her direct testimony. We agree that these questions were improper questions because the State did not establish that A.H. was a hostile witness or that she was so young that leading questions might have been appropriate.
 {¶ 23} Smith argues that counsel was ineffective for failing to object to "other acts" testimony concerning other sexual conduct between A.H. and him which allegedly occurred after the October 2003 incident which formed the basis of the complaint. Specifically, Officer Stewart testified that A.H. told him that Smith had inappropriately touched her vagina on Christmas Day 2003 while her mother showered. The State claims this "other acts" evidence was admissible pursuant to R.C. 2945.59 to prove the "absence of mistake or accident" since Smith told the police he might have accidentally touched his daughter inappropriately. Defense did make a liminal motion to prevent the introduction of this "other act" testimony but did not renew his objection at trial when his motion was overruled. We agree with the State that this "other act" testimony would have been admissible had the child testified concerning the other act, but the testimony of Detective Stewart was inadmissible hearsay concerning this other act.
 {¶ 24} The State argues that the admission of the hearsay testimony given by the police officers was harmless error because A.H. appeared at trial and testified regarding the same statements. Citing State v. Allen (May 24, 1996), Darke App. No. 1390, unreported. In this matter, however, unlike Allen,
A.H. denied the truth of the hearsay statements upon her cross-examination by defense counsel. Indeed, the State argued that A.H.'s hearsay statements to the police should have been believed and her recantation testimony disbelieved. We agree that the State should not have been able to offer the hearsay testimony of the police officers to prove Smith's guilt in the case-in-chief. Notably, Smith does not raise a similar objection to the hearsay testimony provided by Dr. Miceli.
 {¶ 25} Having resolved the first assignment of error in Smith's favor, we need not address appellant's contention he was denied the ineffective assistance of counsel. We addressed some of the issues raised in the second assignment in the hope that upon retrial, our observations may shed some guidance to the trial court on the evidentiary issues involved. The appellant's third assignment of error that the judgment was against the manifest weight is likewise rendered moot by our results of the first assignment.
 {¶ 26} The Judgment of the trial court is Reversed and Remanded for further proceedings consistent with this opinion.
 . . . . . . . . . . .
Grady, P.J., and Donovan, J., concur.